# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RYAN MATTHEW LAWRENCE,

    Plaintiff,

v.  No. 1:19-cv-00897-MV-LF

VA HOSPITAL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 26, 2019 ("Complaint"), and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 2, 2019 ("Application").

Plaintiff alleges that Defendant VA Hospital "breached its duty to provide safe care resulting in left ear hearing loss and tinnitus," and that the medical equipment used during his treatment "was malfunctioning due to either operator error from improper handling and dropping of the magnet, manufacture[r']s technicalities, improper equipment or all three." Complaint at 7. Plaintiff attached a copy of the tort claim that he filed on February 1, 2019, and states that:

> when I called and spoke with a government representative they informed me that after 6 months I have the right to file in federal court if nothing had been done. Lo and Behold not only had the government not done anything they informed me that they were working on tort claims from over 2 years ago and implied that would continue to be the case as they were not hiring anybody new.

Complaint at 8-9. Defendant VA Hospital is the only defendant named in the Complaint.

The Court will dismiss this case without prejudice for lack of subject matter jurisdiction because "[t]he United States is the only proper defendant in a federal tort claims action" and Plaintiff has not named the United States. *Gaines v. Pearson*, 516 F. App'x 724, 726 (10th Cir.

2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United states is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). The Court, however, will grant Plaintiff leave to file an amended complaint naming the proper party.

**Application to Proceed in Forma Pauperis**

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets that the person possesses and a statement that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28

U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

Plaintiff signed an affidavit declaring that he is "unable to pay the costs of these proceedings." Application at 1. However, Plaintiff also indicates that his monthly income exceeds his monthly expenses by $925.00, and that he has $8,000.00 in a checking account. *See* Application at 2, 5. Where the Application form prompts Plaintiff to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings," Plaintiff wrote: "Im a disabled veteran with an honorable discharge and the VA hospital caused harm to me they should pay." [sic] Application at 5.

The Court will deny Plaintiff's Application to proceed *in forma pauperis* because it appears that Plaintiff, according to his own accounting, has sufficient income and savings to pay the filing fee[2] and service costs.

**IT IS THEREFOR ORDERED** that:

(i) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 26, 2019, is **DISMISSED without prejudice.** Plaintiff may, within 45

---

[1] At the time of the ruling in *Brewer*, the filing fee for the appeal was $100.00. *See* 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. *See Brewer*, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

[2] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

days of receiving service of this Order, file an amended complaint naming the proper party. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 2, 2019, is **DENIED.** Plaintiff shall, within 45 days of receiving service of this Order, either pay the filing fee or show cause why the Court should not dismiss this case for failure to pay the filing fee. Failure to timely pay the filing fee or to show cause may result in dismissal of this case without prejudice.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**